IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF MISSISSIPPI
THE DELTA DIVISION

FILED
JUL 0 9 2008
DAVID CREWS, CLERK
By /s/ _____ Deputy

| | |
|---|---|
| JENELLIA COX, ) | |
|     PLAINTIFF, ) | |
| ) | |
| V. ) | CIVIL ACTION NO.: 2:08CV162-M-A |
| ) | |
| ) | JURY TRIAL REQUESTED |
| ) | |
| NORTHWEST COMMUNITY ) | |
| COLLEGE & JOHN DOE, ) | |
|     DEFENDANTS. ) | |

## COMPLAINT

COMES NOW, Plaintiff, by and through her attorneys, pursuant to the Federal Rules of Civil Procedure, to hereby file this Complaint, and states unto the Court the following:

### A. PARTIES

1. Plaintiff Jenellia Cox is an individual citizen of the State of Mississippi. At all times relevant, she was enrolled in school at Northwest Community College (hereinafter referred to "NWCC").

2. Defendant Northwest Community College is located at 4975 Highway 51 North, Senatobia, Mississippi. At all times relevant to this lawsuit it has been a public institution of higher learning in the state of Mississippi. Upon information and belief, the Defendants received

1

Federal funds or Federal financial assistance to support the college.

3. At all times relevant, Defendant John Doe was an associate professor or professor or teacher at Defendant NWCC.

### B. JURISDICTION

4. This Court has jurisdiction pursuant to 28 U.S.C. §1331.

5. The venue properly lies in the Northern District of Mississippi, pursuant to 28 U.S.C. §1391(b).

### C. COUNT ONE
### UNLAWFUL DISCRIMINATION / HARASSMENT
### IN VIOLATION OF TITLE IX OF THE
### EDUCATIONAL AMENDMENTS OF 1972

6. Plaintiff was a student of Defendant NWCC. Upon information and belief, Defendant NWCC was a recipient of federal financial assistance as referenced in Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 et seq. ("Title IX").

7. At all times relevant, John Doe was a professor or associate professor or teacher at Defendant NWCC.

8. On or about October 4, 2007, Defendant John Doe subjected Plaintiff to

unwelcomed and unsolicited sexual advances and physical touching while she was taking a make-up test on the campus of Defendant NWCC.

9. Plaintiff thereafter filed a report with the campus police. Plaintiff also spoke with the president of NWCC. While Defendant NWCC removed Defendant John Doe from Plaintiff's class, Defendant John Doe was still teaching Plaintiff's math study lab and was still in fact teaching on campus.

10. Defendant NWCC knew or should have known about Defendant John Doe's propensities; nevertheless, Defendant NWCC hired and/or retained Defendant John Doe.

11. Defendant NWCC liable for gender-based discrimination and/or sexual harassment under Title IX.

12. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered embarrassment, humiliation, anxiety, and emotional distress, among other things.

### D. COUNT TWO
### VIOLATION OF EQUAL PROTECTION RIGHTS UNDER 42 U.S.C. §1983.

13. Discrimination by state actors on the basis of gender is illegal under the Equal Protection Clause of the Fourteenth Amendment. The illegal actions of Defendant NWCC as

3

described above were motivated with the intent to discriminate on the basis of gender and resulted in the violation of the Plaintiff's clearly established rights under the Fourteenth Amendment to the United States Constitution with regard to equal protection under the law.

14. Plaintiff brings this equal protection claim under 42 U.S.C. §1983, as Defendant NWCC had acted under color of state law.

15. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered embarrassment, humiliation, anxiety, and emotional distress, among other things.

### E. COUNT THREE
### NEGLIGENT HIRING AND/OR RETENTION

16. Based upon the allegations set forth above, Defendant NWCC acted negligently in hiring and/or retaining Defendant John Doe. Such actions are in violation of Mississippi law.

17. As a direct and proximate result of the Defendant's conduct, Plaintiff suffered embarrassment, humiliation, anxiety, and emotional distress, among other things.

### F. COUNT FOUR
### ASSAULT, BATTERY, FALSE IMPRISONMENT, AND INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

18. Plaintiff incorporates paragraphs 1 through 17 above as though specifically set forth herein and states that Defendant John Doe should be held individually liable under the Mississippi common law for assault, battery, false imprisonment, and intentional infliction of emotional distress.

19. As a direct and proximate result of Defendant John Doe's actions and conduct, Plaintiff has suffered embarrassment, depression, humiliation, anxiety and emotional distress, among other things.

20. The unlawful actions of Defendant John Doe complained of above were intentional, malicious and taken with reckless disregard of the rights of Plaintiff.

### G. PRAYER

WHEREFORE, THE PREMISES CONSIDERED, Plaintiff requests that, after a trial by jury, the Court enters a judgment for Plaintiff awarding Plaintiff the following relief:

1. Compensatory damages for emotional distress and mental anguish in an amount to be proved at trial;

2. Punitive damages in an amount to be proved at trial;

3. Reasonable attorney's fees, expert witness fees, and costs; and

4. Injunctive relief in the form of an order prohibiting discriminatory and retaliatory practices by the Defendants against the Plaintiff and others similarly situated as the Plaintiff, among other things.

5.  Such other general and specific legal and/or equitable relief to which Plaintiff is entitled.

Respectfully submitted,

_____
James D. Harper (MS Bar #99386)
Attorneys for Plaintiff

### PLAINTIFF'S DEMAND FOR JURY TRIAL

Plaintiff Jenellia Cox, in accordance with Federal Rule of Civil Procedure 38, asserts her rights under the Seventh Amendment to the U.S. Constitution and demands a trial by jury on all issues.

_____
James D. Harper
STROUD & HARPER, P.C.
5779 Getwell Road, C-1
Southaven, Mississippi 38671
Telephone: (662) 536-5656
Facsimile: (662) 536-5657
james@stroudandharper.com

ATTORNEYS FOR PLAINTIFF

6