IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
DELTA DIVISION

JENELLIA COX     PLAINTIFF

VS.     CAUSE NO. 2:08CV162-M-A

NORTHWEST COMMUNITY COLLEGE
AND JOHN DOE     DEFENDANTS

### SEPARATE ANSWER AND DEFENSES OF
### NORTHWEST MISSISSIPPI COMMUNITY COLLEGE

COMES NOW Northwest Mississippi Community College (improperly named as "Northwest Community College" in the plaintiff's Complaint), one of the defendants herein, by and through counsel, and submits its Separate Answer and Defenses to the Complaint filed against it herein, as follows:

### FIRST DEFENSE

The plaintiff's Complaint fails to state a claim against this defendant upon which relief may be granted and, therefore, must be dismissed with prejudice against this defendant under Title IX.

### SECOND DEFENSE

To the extent that the plaintiff has asserted state law claims against this defendant, this defendant invokes the provisions of Sections 11-46-1 *et seq*. of the Mississippi Code Annotated, commonly known as the Mississippi Tort Claims Act, and all of the privileges, immunities and defenses afforded therein. Such defenses include the provision of a bench trial pursuant to Section 11-46-13, sovereign immunity for acts of employees outside the course and scope of their employment pursuant to Sections 11-46-5(2) and 11-46-7(2), and a prohibition of an award of punitive damages and attorney's fees pursuant to Section 11-46-15(2).

**THIRD DEFENSE**

To the extent that the plaintiff has asserted state law claims against this defendant, this defendant invokes the limitation of liability provisions contained in Sections 11-46-15 and/or 11-46-17 of the Mississippi Code and specifically asserts the doctrine of sovereign immunity over and above any applicable insurance coverage.

**FOURTH DEFENSE**

To the extent that the plaintiff has asserted state law claims against this defendant, those claims are barred by the Notice of Claim and Statute of Limitations provisions contained in Section 11-46-11 of the Mississippi Code.

**FIFTH DEFENSE**

To the extent that the plaintiff has asserted state law claims against this defendant, those claims are barred by Section 11-46-9(1) of the Mississippi Code including, but not limited to, sub-sections (a), (b), (d) and/or (f).

**SIXTH DEFENSE**

The plaintiff has improperly named this defendant as "Northwest Community College," and the plaintiff's Complaint must therefore be dismissed with prejudice.

**SEVENTH DEFENSE**

This defendant pleads and affirmatively avails itself of any and all good faith defenses available to it under Rules 12(b)(1) through 12(b)(7) of the Federal Rules of Civil Procedure. This defendant specifically asserts the defenses of insufficient process and insufficient service of process under F.R.C.P. 12(b)(4) and 12(b)(5), respectively, based upon the plaintiff's failure to name and subsequently serve the proper defendant. This defendant further preserves and specifically does not waive any defense which might be or become available it as discovery proceeds and the facts

of the case develop.

## EIGHTH DEFENSE

This defendant denies that the plaintiff was denied equal protection or any other constitutional rights.

## NINTH DEFENSE

## ANSWER

AND NOW, Northwest Mississippi Community College, without waiving its right be heard on the above and foregoing defenses, responds to the allegations of the Complaint, paragraph by paragraph, as follows:

## PARTIES

1. This defendant is without sufficient information to admit or deny the allegations of the first sentence of Paragraph 1 and, therefore, denies those allegations. This defendant admits that the plaintiff was enrolled as a student at Northwest Mississippi Community College at the time of the alleged incident giving rise to the plaintiff's lawsuit but denies all remaining allegations contained in the second sentence of Paragraph 1.

2. While denying that it was properly named in the plaintiff's Complaint, this defendant admits the allegations of Paragraph 2.

3. This defendant is without sufficient information to admit or deny the allegations of Paragraph 3 since "John Doe" is not named, and this defendant, therefore, denies those allegations.

## JURISDICTION

4. This defendant admits that this Court has federal question jurisdiction.

5. This defendant admits that venue is proper in the District Court for the Northern

District of Mississippi, Delta Division. All remaining allegations are denied.

## COUNT ONE

6. With respect to the allegations of the first sentence of Paragraph 6, it is admitted only that at the time of the incident alleged in the plaintiff's Complaint, the plaintiff was enrolled as a student at Northwest Mississippi Community College. The allegations of the second sentence of Paragraph 6 are admitted.

7. This defendant is without sufficient information to admit or deny the allegations of Paragraph 7 since "John Doe" is not named, and this defendant, therefore, denies those allegations.

8. This defendant denies the allegations of Paragraph 8.

9. This defendant denies the allegations of Paragraph 9.

10. This defendant denies the allegations of Paragraph 10.

11. This defendant denies the allegations of Paragraph 11.

12. This defendant denies the allegations of Paragraph 12.

## COUNT TWO

13. The allegations of the first sentence of Paragraph 13 call for a legal conclusion to which no response is required. All remaining allegations of Paragraph 13 are denied.

14. This defendant admits that the plaintiff has brought a claim against this defendant under 42 U.S.C. § 1983, but denies all remaining allegations of Paragraph 14 and further denies that it may be held liable thereunder.

15. This defendant denies the allegations of Paragraph 15.

## COUNT THREE

16. This defendant denies the allegations of Paragraph 16.

17. This defendant denies the allegations of Paragraph 17.

## COUNT FOUR

18. In response to Paragraph 18, this defendant reasserts and incorporates by reference all of its preceding responses. The allegations of Paragraph 18 do not appear to pertain to this defendant and therefore no response is required. To the extent a response is required, this defendant denies the allegations of Paragraph 18 and would further show that it may not be held liable for these state law claims.

19. The allegations of Paragraph 19 do not appear to pertain to this defendant and therefore no response is required. To the extent a response is required, this defendant denies the allegations of Paragraph 19 and would further show that it may not be held liable for these state law claims.

20. The allegations of Paragraph 20 do not appear to pertain to this defendant and therefore no response is required. To the extent a response is required, this defendant denies the allegations of Paragraph 20 and would further show that it may not be held liable for these state law claims.

## PRAYER

In response to the unnumbered Paragraph of the Complaint which begins with the word "WHEREFORE," and the five (5) numbered Paragraphs thereafter, this defendant denies that the plaintiff is entitled to the damages prayed for or any relief whatsoever in the premises and demands that the plaintiff's Complaint be dismissed against it with all costs assessed to the plaintiff.

AND NOW, having responded to the plaintiff's Complaint, paragraph by paragraph, and having denied any and all liability in the premises, this defendant sets forth its affirmative and

special defenses, as follows:

**FIRST AFFIRMATIVE DEFENSE**

The plaintiff has not suffered any deprivation which rises to the level of a Constitutional violation.

**SECOND AFFIRMATIVE DEFENSE**

The plaintiff has a duty to mitigate her damages, if any, and if there is failure to mitigate damages, there can be no recovery for the damages which could have been mitigated.

**THIRD AFFIRMATIVE DEFENSE**

The sole approximate cause of the damages claimed by the plaintiff was her own negligence which acts as a bar to her recovery.

**FOURTH AFFIRMATIVE DEFENSE**

The alleged actions of "John Doe," as set forth in the plaintiff's Complaint, if true, were intentional acts that fell outside the course and scope of his employment with this defendant, and, accordingly, this defendant may not be held liable for those alleged acts. This defendant specifically denies that the allegations regarding "John Doe" are true.

**FIFTH AFFIRMATIVE DEFENSE**

To the extent that the plaintiff's injuries and damages, if any, were caused by a person or entity other than this defendant, this defendant invokes the provisions of Section 85-5-7 of the Mississippi Code and the allocation of fault provisions contained therein.

**SIXTH AFFIRMATIVE DEFENSE**

The incident referenced in the plaintiff's Complaint, if it occurred in the manner alleged, was an unforeseeable act which could not be prevented by this defendant in the exercise of reasonable care.

**SEVENTH AFFIRMATIVE DEFENSE**

This defendant had no prior actual or constructive notice of any alleged misconduct by "John Doe" which would have placed this defendant on notice of any potential problems at the time of his hiring.

**EIGHTH AFFIRMATIVE DEFENSE**

This defendant had no actual or constructive notice of any alleged misconduct by "John Doe" which would have placed this defendant on notice of any potential problems prior to the date of the allegations made by the plaintiff regarding the incident that forms the basis of her Complaint.

**NINTH AFFIRMATIVE DEFENSE**

Neither this defendant, nor any representative of this defendant, committed any act or failed to take any action within the sphere of his or her official responsibility which that person knew or reasonably should have known would violate the constitutional rights of the plaintiff, or in the alternative, damaged or injured the plaintiff in any manner whatsoever.

**TENTH AFFIRMATIVE DEFENSE**

This defendant, at all times relevant to the alleged incident set out in the plaintiff's Complaint, exercised reasonable care to prevent and correct any sexually harassing conduct of which it was aware, and the plaintiff failed to take advantage of any preventative or corrective measures available to her and/or failed to otherwise avoid harm.

**ELEVENTH AFFIRMATIVE DEFENSE**

Affirmatively and alternatively, no action, policy, custom or practice of this defendant caused or contributed to the injuries or damages, if any, sustained by the plaintiff.

**TWELFTH AFFIRMATIVE DEFENSE**

The plaintiff's claim against this defendant for punitive damages under state law, to the extent those damages are sought, is specifically barred by Section 11-46-15(2). The plaintiff's claim against this defendant for punitive damages under federal law, to the extent those damages are sought, violates and offends this defendant's rights against excessive fines secured by the Eighth Amendment of the Constitution of the United States and Section 28 of the Mississippi Constitution; this defendant's right to substantive due process secured by the Fifth and Fourteenth Amendments to the Constitution of the United States and Section 14 of the Mississippi Constitution; this defendant's right to equal protection under the law secured by the Fourteenth Amendment to the Constitution of the United States; and this defendant's right to the benefit of the "beyond a reasonable doubt" burden of proof applicable to the imposition of criminal sanctions in accordance with the Fourth, Fifth, Sixth and Eighth Amendments of the Constitution of the United States and Sections 14, 17, 26 and 28 of the Mississippi Constitution.

WHEREFORE, PREMISES CONSIDERED, defendant Northwest Mississippi Community College demands that the plaintiff's Complaint be dismissed with prejudice against it with all costs assessed against the plaintiff.

    Respectfully submitted,

    NORTHWEST MISSISSIPPI COMMUNITY
    COLLEGE


BY:   /s/ Timothy M. Peeples
       OF COUNSEL

TIMOTHY M. PEEPLES - BAR # 100103
DANIEL COKER HORTON AND BELL, P.A.
265 NORTH LAMAR BOULEVARD, SUITE R
POST OFFICE BOX 1396
OXFORD, MISSISSIPPI 38655-1396
TELEPHONE: (662) 232-8979
FACSIMILE: (662) 232-8940

SILAS W. MCCHAREN - BAR # 2213
DANIEL COKER HORTON & BELL, P.A.
4400 OLD CANTON ROAD, SUITE 400
POST OFFICE BOX 1084
JACKSON, MISSISSIPPI 39215-1084
TELEPHONE: (601) 969-7607
FACSIMILE: (601) 969-1116

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 5, 2008, I electronically filed the foregoing document with the Clerk of the Court using the ECF system which sent notification of such filing to counsel who have electronically registered with the Court, and I hereby certify that I have mailed by United States Postal Service the document to the non-ECF participants. The following is a list of all counsel of record or parties regardless whether electronically notified by the Court or sent via United States Postal Service by this firm:

> James D. Harper, Esq.
> Stroud & Harper
> P.O. Box 210
> Southaven, MS 38671

/s/ Timothy M. Peeples